Blatchford, C. J.
This suit is brought on re-issued letters patent granted March 16, 1875, to Jacob W. Davis and Levi Strauss & Co. for an “improvement in pantaloons,” etc., the original patent having been granted to them May 20, 1873, on the invention of said Davis. The specification of the re-issue says that Davis has invented an “improvement in fastening seams.” It proceeds: “My invention relates to a fastening for pocket openings, whereby the several seams are prevented from ripping or starting from frequent pressure or strain thereon; and it consists in the employment of a metal rivet or eyelet at each edge of the pocket opening, to prevent the ripping of the seam at those points. The rivet or eyelet is so fastened in the seam as to bind the two parts of cloth which the seam unites together so that it shall prevent the strain or pressure from coming upon the thread with which .the seam is sewed. In order to more fully illustrate and explain my invention, reference is had to the accompanying drawing, in which my invention is represented as applied to the pockets of a pair of pants. Figure 1 is a view of my invention as applied to pants. A represents the side seam in a pair of pants, and bb represents the rivets at each edge of the pocket opening. The seams are usually ripped or *237 started by tbe placing of the hands in the pockets and the consequent pressure or strain upon them. To strengthen this part I employ a rivet, eyelet, or other equivalent metal Btud, d, which I pass through a hole at the end of the seam, so as to bind the two parts of cloth together, and then head it down on both sides so as to firmly unite the two parts. When rivets which already have one head are used, it is only necessary to head the opposite end, and a washer can be interposed, if desired, in the usual way. By this means I avoid a larger amount of trouble in mending portions of seams which are subjected to constant strain. My invention is applicable to pantaloons, overalls, coats, vests and other garments. I am aware that rivets have been used for securing seams in shoes, as shown in the patent to George Houghton, No. 64,015, April 23,1867, and to L. K. Washburn, No. 123,313, January 3, 1872, and hence I do not claim, broadly, fastening of seams by means of rivets.”
The claim is as follows: “As a new article of manufacture, pantaloons or other garments having their pocket openings secured at the edges by means of rivets, or their equivalents, substantially in the manner described and shown.”
This case has been contested with great vigor. The bill was filed in November, 1876. Testimony was taken from May, 1877, to January, 1878. The plaintiffs examined 283 witnesses, and the defendants 145. The plaintiffs’ proofs cover 2,465 printed pages, and the defendants’ 1,196. The plaintiffs’ brief covers 323 printed pages, and the defendants’ 152. Infringement is not contested, but the defendants rely on want of patentability and want of novelty in the thing patented.
On the point that there is no invention in the thing patented, the defendants contend that the want of patentability consists in the fact that the invention is nothing more than the employment at the corners of a pocket opening of the old and well-known rivet; and that no new function is performed by the rivet in that place from what is performed by it in any other place.
The invention is claimed as an improvement in the pocket *238 opening of a garment which has a pocket opening. It does not extend to anything hut a pocket opening. It requires that the seam which unites two pieces of cloth laterally shall terminate-at the commencement of the pocket opening; that such seam shall be made by means of sewing the two pieces of cloth together laterally by thread; that the rivet shall be of metal; that it shall be placed in the seam at the edge of the pocket opening —that is, where there the seam ends and the pocket opening begins, but still in the seam; that it shall be so located and fastened, with reference to the two lateral pieces of cloth which the seam unites, as to bind together such two lateral pieces of cloth by pressing tightly upon both of them; that this shall be effected by putting the rivet through a hole and heading it down on both of the two opposite faces where the hole begins and ends; that the operation of the rivet, when so set, shall be to receive the strain which results from pressure from within on the edge or end of the pocket opening, and keep such strain from coming on the thread of the seam, and thus protect such thread from ripping or starting, and allowing the seam to open; and that the practical advantage of the arrangement shall be to get rid of the frequent renewal, by sewing, of the thread in the seam at the edge of the opening. In view of the testimony as to the state of the art prior to the-invention of Davis all the foregoing features are involved in such invention. They all appear on the face of the specification of the patent, and are embraced in the claim. They amount to invention, and they embody patentability. The result of them was new and useful. The case is not one of mere double use, or of the use of an old rivet in a new place. It is not merely the usual through and through binding or uniting function of the rivet that is availed of.
It is argued for the defendants that there is no combination between the rivet and the sewed seam, but a mere aggregation; that the claim is not confined to the application of a. rivet to a sewed seam; that a stay of sewed thread is the equivalent of a rivet; that in view of the prior use of a stay of sewed thread at the corner of a pocket opening there was no invention in the change to a metal rivet; and that a but *239 ton had before been sewed on with thread at the upper end of the seam, at the edge of the pocket opening, to prevent the thread of the seam from being worn away, and the seam had been stayed by sewing in leather or other fabric, and there was no invention in passing from these arrangements to Davis’. It is sufficient to say that there is no force in any of these suggestions as against the validity of the patent. Nor is it shown that the invention, as before defined, was known or in any use before it was made by Davis. The defendants, to defeat the patent on the ground of want of novelty, must make out the defence by satisfactory and preponderating proof. This they have not done. In coming to this conclusion I have considered the Magee coat, the Nightingale coat, the evidence grouped in the defendant’s brief under the heads “Nevada (C)” and “Nevada, (D,)” the evidence of Stanton, Ford, Richville and Hogbin, the Orr overalls, the patent to Bowker, and the patent to Bellford. There must be the usual decree for the plaintiffs.